IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALDARESS CARTER, *individually, and for a class of similarly situated persons or entities*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO.  2:15-CV-555-WKW ) (WO) |
| THE CITY OF MONTGOMERY, *et al.*, | ) ) ) |
| Defendants. | ) |

## **ORDER**

Before the court is Plaintiff's motion to strike the "Supplement to Motion to Dismiss" filed by CHC Companies, Inc. ("CHC").  (Doc. # 44.)   Numerous motions to dismiss are pending and are in the process of coming under submission. CHC's supplement to its motion to dismiss was untimely filed on the same day Plaintiff's response to CHC's motion to dismiss was due.  CHC did not consult with Plaintiff prior to filing its supplement out of time.  CHC states that its supplement "more fully addresses" Plaintiff's allegations that CHC was the employer of "JCS employees."   However, CHC's supplement, which focuses on the doctrine of *respondeat superior*, raises new arguments that were not part of CHC's original motion, which focused on the *alter ego* theory of corporate liability.  Thus, CHC's supplemental filing is an amendment to the motion to

dismiss without leave of court, or perhaps a successive pre-answer motion to dismiss (also without leave of court), and not a supplemental brief to the initial motion to dismiss.[1]  *See* Fed. R. Civ. P. 12(g) (requiring consolidation of pre-answer Rule 12 motions).

Technically, whether CHC's supplemental filing is construed as a second motion to dismiss, an amendment to its motion to dismiss, or a supplemental brief in support of its initial motion to dismiss, it is not a pleading subject to a motion to strike under the Federal Rules of Civil Procedure.  Fed R. Civ. P. 7(a); Fed R. Civ. P. 12(f).  However, as has been noted in other contexts, courts in this Circuit and elsewhere routinely overlook the technicality that the Federal Rules specifically provide only for motions to strike pleadings and instead rule on the substance of the motion.  *Argonaut Midwest Ins. Co. v. McNeilus Truck & Mfg., Inc.*, No. 1:11-CV-3495-TWT, 2013 WL 489141, at *1 (N.D. Ga. Feb. 8, 2013) (collecting cases).

In substance, what Plaintiff seeks is for the court to strike CHC's supplemental filing not pursuant to Rule 12(f), but pursuant to this court's obligation and inherent power to efficiently manage its docket and enforce its own orders and the Rules of Civil Procedure.  *See* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed and administered to secure the just,

---

[1] CHC's motion is not properly construed as a motion for judgment on the pleadings under the provisions of Rules 12(g)(2), 12(h)(2)(B), and 12(c) because the pleadings are not yet closed.

speedy, and inexpensive determination of every action and proceeding."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (holding that federal courts are vested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); Doc. 33 at 3 ("For all future motions to dismiss . . . it is ORDERED that . . . [t]he movant shall file its brief and any evidentiary submission simultaneously with the filing of the dispositive motion." (emphasis omitted)).  The power to strike documents that are not pleadings falls within the scope of those inherent powers.  *Cf.*, *e.g.*, *Abdelgalel v. U.S. Atty. Gen.*, 443 F. App'x 458, 462-63 (11th Cir. 2011) (declining to reverse a district court's order striking a motion for attorney's fees).

To ensure the orderly disposition of this case and to prevent prejudice to Plaintiff caused by the fact that CHC filed its supplemental brief on the same day Plaintiff's response was due, it is ORDERED

    (1)    that the motion to strike (Doc. # 44) is GRANTED;

    (2)    that CHC's supplemental brief (Doc. # 43) is STRICKEN;

    (3)    that, **on or before December 7, 2015**, Defendant CHC shall file a motion for leave to file a supplement to its motion to dismiss and shall show cause why the motion for leave to file should be granted; and

(4)     pending the court's ruling on CHC's forthcoming motion for leave to file, the deadline for CHC to file a reply to Plaintiff's response brief (Doc. # 45) is suspended.

CHC is warned again[2] not to depart from the court-ordered briefing schedule without first seeking leave to do so.  Disregard for the set briefing schedule unnecessarily prejudices the other parties, diverts the resources of the court, and hinders the efficient management of this case.  Further violations will risk sanctions.

DONE this 24th day of November, 2015.

/s/ W. Keith Watkins  
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *See* Doc. # 33 at 4: "Failure to comply strictly with this [briefing] Order may result in the striking of the filing or other appropriate sanctions."