IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ALDARESS CARTER, INDIVIDUALLY, AND FOR A CLASS OF SIMILARLY SITUATED PERSONS OR ENTITIES,** )<br>)<br>)<br>)<br>    **Plaintiffs** )<br>)<br>    v. )<br>)<br>**THE CITY OF MONTGOMERY and BRANCH D. KLOESS; JUDICIAL CORRECTION SERVICES, INC.,** a corporation; **CORRECTIONAL HEALTHCARE COMPANIES, INC.,** a corporation; **CHC COMPANIES, INC.,** a corporation. )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>    **Defendants.** ) | Civil Action No.:<br>2:15-cv-555-RCL |

## MOTION FOR CLASS CERTIFICATION

Comes now the Plaintiff and moves the Court to certify this action as a class action on behalf of a Class composed of :

> All individuals who have been in the past assigned by the Montgomery Municipal Court to "probation" with Judicial Correction Services (JCS) for the collection of fines.

> AND

> All individuals who, despite their indigency, were incarcerated, without consideration of their indigency for failure to pay fines, charges and fees to Montgomery.

Plaintiff requests that the Class be certified pursuant to the provisions of Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and/or 23(b)(3), and 23(b)(4). As grounds for this motion, Plaintiff shows the Court the following:

1. All of the prerequisites of Rule 23(a) are met, because:

    (a) the Class and subclass include thousands of persons and is so numerous that the joinder of all members is impracticable;

    (b) there are questions of law or fact common to the entire Class;

    (c) the claims of the named Plaintiffs are typical of the claims of the Class; and,

    (d) the named Plaintiffs will fairly and adequately protect the interests of the Class. Counsel for the Plaintiffs, who are proposed as Class Counsel, are prepared and qualified to represent the Class and have actively pursued this matter. (See Affidavits of G. Daniel Evans and Alexandria Parrish attached to the evidentiary submission). The named Plaintiff has no conflict with the members of the Class, and is willing to fulfill his duty to fully and adequately protect the interests of the Class.

2. Certification is appropriate under the provisions of Rule 23(b)(1) because the prosecution of separate actions by or against individual members of the Class would create (a) a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class, or (b) adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

3. Certification is appropriate under the provisions of Rule 23(b)(2) because the parties opposing the Class have acted or refused to act on grounds generally applicable

to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

4. Certification is appropriate under the provisions of Rule 23(b)(3) because the questions of law or fact common to members of the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Certification is appropriate under the provisions of Rule 23(c)(4) because particular issues are of common importance. Those include:

    a. Whether using a "private probation" company which is financially interested in extending the process for collecting city fines, violates Due Process;

    b. Whether requiring additional collection fees to be paid only by those who cannot pay their fines in full, violates Equal Protection;

    c. Whether a no bid contract under which a city binds its court is valid under Alabama law;

    d. Whether incarcerating individuals for failure to pay fines, costs and fees with no finding of willful contempt, violates due process and the fourth amendment;

    e. Whether charging a person for being in jail due to their failure to pay, fines, fees and costs, violates due process and the eighth amendment.

    f. Whether a private probation company requiring the waiver of counsel as part of its collection of fines and costs, violates the sixth amendment

6. In support of this motion, the Plaintiffs submit an Evidentiary Submission and Memorandum Brief.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that upon consideration

of this matter, the requested Class Certification will be granted and that the undersigned will be appointed as Class Counsel, and for such other relief as the Court deems appropriate under these circumstances.

                                              /s G. Daniel Evans
                                              G. Daniel Evans
                                              ASB-1661-N76G
                                              Alexandria Parrish
                                              ASB-2477-D66P
                                              Maurine C. Evans
                                              ASB-4168-P16T
                                              Attorneys for the Plaintiffs
                                              The Evans Law Firm, P.C.
                                              1736 Oxmoor Road, Suite 101
                                              Birmingham, Alabama 35209
                                              Telephone:  (205) 870-1970
                                              Fax: (205) 870-7763
                                              E-Mail: gdevans@evanslawpc.com
                                              E-Mail: ap@evanslawpc.com
                                              E-Mail: mevans@evanslawpc.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 2nd day of May, 2017, I electronically filed the foregoing Motion for Class Certification with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Shannon L. Holliday, Esquire
Robert D. Segall, Esquire
Joel Caldwell, Esquire
COPELAND, FRANCO, SCREWS & GILL, P.A.
P.O. Box 347
Montgomery, AL 36101-0347

Micheal S. Jackson, Esquire
WEBSTER, HENRY, LYONS, BRADWELL,
COHAN & BLACK, P.C.
P. O. Box 239
Montgomery, AL 36101-0239

F. Lane Finch, Jr., Esquire
Brian Richardson, Esquire

Swift Currie McGhee and Hiers, LLP
2 North 20th Street, Suite 1405
Birmingham, Alabama 35203

Michael L. Jackson, Esquire
Larry S. Logsdon, Esquire
Wallace, Jordan, Ratliff & Brandt, L.L.C.
P.O. Box 530910
Birmingham, Alabama 35253

Wilson F. Green, Esquire
Fleenor & Green LLP
1657 McFarland Blvd. N., Ste. G2A
Tuscaloosa, Alabama 35406

Kimberly O. Fehl, Esquire
Michael D. Brymer, Esquire
CITY OF MONTGOMERY
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111

                                                            s/ *G. Daniel Evans*
                                                            G. Daniel Evans