IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALDARESS CARTER, INDIVIDUALLY, AND FOR A CLASS OF SIMILARLY SITUATED PERSONS OR ENTITIES, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.: 2:15-cv-00555-RCL ) |
| THE CITY OF MONTGOMERY, et al., | ) ) ) |
| Defendants. | ) |

**MOTION TO STAY**

COMES NOW the City of Montgomery, for itself and on behalf of its Mayor, Todd Strange, and its current and former Chiefs of Police Finley and Murphy, and moves this Honorable Court to stay all proceedings in this matter pending resolution of the appeals before the Eleventh Circuit Court of Appeals in McCullough v. City of Montgomery, et al. See The City of Montgomery, Alabama, et al. v. Angela McCullough, et al., Case No. 17-11554 (11th Cir.) and Les Hayes, III v. Angela McCullough, et al., Case No. 17-1555 (11th Cir.). As grounds for this motion, the City shows the following.

A motion to stay has been filed in the companion to this case, McCullough v. City of Montgomery, Case No. 2:15-cv-463 in the United States District Court for the Middle District of Alabama, Northern Division. Said motion is attached hereto as **Exhibit 1.**

The claims in the instant case are a subset of the claims pled in McCullough as shown by the following chart:

| **MCCULLOUGH CLAIMS** | **CORRESPONDING CARTER CLAIMS BASED ON SAME ALLEGED WRONGS – FROM PROPOSED** | **DISTINCTION, IF ANY** |
|---|---|---|
| | | |

1

|  | **SECOND RESTATED AND AMENDED COMPLAINT** |  |
|---|---|---|
| COUNT 3 (AGAINST CITY, AND HAYES): FOURTH AND FOURTEENTH AMENDMENT FOR ISSUING WARRANTS BASED SOLELY ON NONPAYMENT OF DEBTS | COUNT 1 (AGAINST CITY AND KLOESS) AND COUNT 2 (AGAINST JCS, CHC, CHCC): DUE PROCESS CLAIMS INCORPORATING THE ALLEGATION THAT ARREST WARRANTS WERE WRONGFULLY ISSUED FOR FAILURE TO PAY AT PARS. 138, 142, 163, 167, AMONG OTHERS<br><br>COUNT 3 (AGAINST CITY) AND COUNT 4 (AGAINST JCS, CHC, CHCC): FOURTH AMENDMENT CLAIMS INCORPORATING THE ALLEGEDLY WRONGFUL ISSUANCE OF WARRANTS AT PAR. 212 | The arrest warrant allegations in the Carter Complaint may be limited to issuance of warrants for failure to pay monies in cases in which JCS was involved. |
| COUNT 4 (AGAINST CITY AND HAYES): FOURTEENTH AMENDMENT AND DUE PROCESS FOR USE OF A FIXED BAIL SYSTEM | COUNT 7 (AGAINST CITY) AND COUNT 8 (AGAINST JCS, CHC, CHCC): EIGHTH AMENDMENT CLAIMS ALLEGING THE CHARGING OF EXCESSIVE BAIL AT PARS. 265 AND 281 | NO DISCERNABLE DIFFERENCE; BOTH CHALLENGE THE BAIL SYSTEM APPLIED TO THEIR CLASS MEMBERS |
| COUNT 5 (AGAINST CITY, HAYES, JCS): DUE PROCESS AND EQUAL PROTECTION BEARDEN CLAIM; FAILURE TO HOLD ADEQUATE INDIGENCE HEARINGS BEFORE JAILING FOR FAILURE TO PAY FINES AND COSTS | COUNT 1 (AGAINST CITY/KLOESS) AND COUNT 2 (AGAINST JCS, CHC, CHCC): DUE PROCESS AT PARS. 124, 131, 143 ET AL. AND 170, 173, 177, AND 183<br><br>COUNT 9 (AGAINST CITY) AND COUNT 10 (AGAINST JCS, CHC, | BOTH CHALLENGE THE ALLEGED FAILURE TO PROVIDE ADEQUATE INDIGENCE HEARINGS; CARTER APPEARS ALSO TO RAISE AN EQUAL PROTECTION CHALLENGE BASED ON |

| | | |
|---|---|---|
| | CHCC): EQUAL PROTECTION COUNT | ADDITIONAL FEES CHARGED[1] |
| COUNT 6 (AGAINST CITY AND HAYES): SIX AND FOURTEENTH AMENDMENT FAILURE TO APPOINT COUNSEL BEFORE JAILING PEOPLE FOR FAILING TO PAY FINES AND COSTS | COUNT 5 (AGAINST CITY) AND COUNT 6 (AGAINST JCS, CHC, CHCC): SIXTH AMENDMENT COUNT | NO MATERIAL DIFFERENCE |
| COUNT 7 (AGAINST CITY, HAYES, STRANGE, MURPHY, FINLEY): THIRTEENTH AMENDMENT AND PEONAGE LAW CLAIMS INVOLVING JAIL WORK PROGRAM | NO SPECIFIC CORRESPONDING CLAIM PLED | |
| COUNT 8 (AGAINST CITY, HAYES, JCS): FOURTEENTH AMENDMENT DUE PROCESS AND EQUAL PROTECTION USE OF PROBATION AND THREAT OF PROBATION REVOCATION SOLELY TO COLLECT FINES AND FEES FROM INDIGENTS | COUNT 1 (AGAINST CITY/KLOESS) AND COUNT 2 (AGAINST JCS, CHC, CHCC): DUE PROCESS ALLEGING USE OF PROBATION AND THREAT OF PROBATION REVOCATION AS BASIS FOR CONSTITUTIONAL CLAIMS AT PARS. 122, 125, 132, 133 AND PARS. 158, 160, 170, 171 ETC. | NO MATERIAL DIFFERENCE |
| COUNT 9 (AGAINST CITY AND HAYES): FOURTEENTH AMENDMENT AND EQUAL PROTECTION REQUIRING APPEAL BONDS | NO SPECIFIC CORRESPONDING CLAIM PLED | |
| COUNT 12 (AGAINST MURPHY, FINLEY, STRANGE, HAYES AND JCS): FALSE IMPRISONMENT | COUNT 13 (AGAINST CITY) AND COUNT 14 (AGAINST JCS, CHC, CHCC): FALSE IMPRISONMENT COUNT | NO MATERIAL DIFFERENCE |

---

[1] The latter part of this claim has already been dismissed by this Court, see Doc. 97 at 5-6, and as such should not have been re-alleged in the proposed amended complaint.

| | COUNT 11 (AGAINST CITY) AND COUNT 12 (AGAINST JCS, CHC, AND CHCC): | NO MATERIAL DIFFERENCE |
|---|---|---|

In addition to the clearly overlapping nature of the claims in the two cases, as shown above, Carter is actually seeking to amend his Complaint to add one of the two claims that is being appealed on immunity grounds by the individual defendants in McCullough – False Imprisonment. See Doc. 115-1, Counts 13 & 14. Hayes is appealing all counts alleged against him on absolute judicial immunity grounds. The claims in the two cases are therefore necessarily intertwined, and the claims on appeal in McCullough overlap and are intertwined as completely with the claims in Carter as they are with the claims in McCullough.

The main class descriptions in the two cases are also virtually identical. The named plaintiffs in each case seek to represent a class of people assigned to Judicial Correction Services (JCS) and a separate class of people jailed for failure to pay fines and costs despite their indigence. The Carter putative class members clearly fall within the McCullough putative class definitions:

The Carter complaint describes the two classes as follows:

All individuals who have been in the past assigned by the Montgomery Municipal Court to "probation" with Judicial Correction Services (JCS) for the collection of fines.

AND

All individuals who, despite their indigency, were incarcerated, without consideration of their indigency for failure to pay fines, charges and fees to Montgomery.

Doc. 18, Par. 5.

The McCullough plaintiffs, while using more words, describe the same classes as follows:

Probation Class

All individuals who were placed on "probation" with JCS pursuant to the City of Montgomery's contracts with JCS and were required to make payments to JCS that

4

> included monthly fees to JCS, including those whom JCS subjected to threatened or actual probation revocation and incarceration.
>
> Jail Class
>
> All individuals who, despite their indigency, have been, or who will be, detained or incarcerated in the Montgomery Municipal Jail because of their nonpayment of fixed-sum bail or bonds, fines, court costs, restitution, surcharges or other fees arising from traffic tickets or other minor offenses, including a Jail Labor Subclass of those who have performed or jail labor in order to reduce the time unlawfully incarcerated for nonpayment of debts to the City of Montgomery.

McCullough, Doc. 32 at Par. 161.

The only discernible difference between the classes described above is that the McCullough "jail class" includes a subclass (not a true distinction) and speaks to incarceration based on "fixed-sum bail or bonds" which arguably makes the class broader in that single respect than the Carter putative class.

While Carter sues the City and not the individual Defendants who were also sued in McCullough (Hayes, Finley, Murphy and Strange), the discovery to be sought in the two cases will inevitably be very similar because the claims and purported classes are virtually identical. They are so intertwined that even this Court in its orders in this case references its holdings in McCullough in its memorandum opinion in this case. This Court wrote: "This case involves facts and legal arguments incredibly similar to or identical to those made before this Court in *McCullough v. City of Montgomery*, 2:15-cv-463. For the sake of brevity, the Court will not repeat its analysis here other than as necessary. Accordingly, the opinion should be read in conjunction with the opinion filed in that case…." Doc. 97 at 5. References to the McCullough opinion are then made at pages 5 and extensively at pages 10-11 of the memorandum opinion in this case. In concluding the memorandum opinion, this Court references its reasoning as set out in McCullough as the basis for its holding as to many, if not most, of the counts in the Carter complaint. In fact,

if these cases were pending in different districts, the City would likely be entitled to their consolidation for pre-trial discovery pursuant to the provisions for multidistrict litigation. For that very reason, this Court *sua sponte* asked for briefing as to why the two cases should not be consolidated. [See Doc. 99]

To permit the Carter case to proceed to discovery while the appeals in McCullough are pending would be to permit the McCullough class to do indirectly what it cannot do directly. Stated differently, the McCullough class through Carter's counsel, will be permitted to go forward with the discovery that the McCullough counsel is barred from doing as a result of the class's pending immunity appeals.

As explained in the Motion to Stay in McCullough, attached here as Exhibit 1, the law precludes district courts from proceeding with discovery during the appeal of immunity issues where the claims at issue in those appeals are intertwined with the remaining claims. This is because the appellants who might well be entitled to immunity from suit lose the benefit of that immunity when subjected to the burdens of litigation. Where discovery goes forward, they are forced to "participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." Ashcroft v. Iqbal, 566 U.S. 667, 685-686 (2009).

As a result, in this very unusual situation, the putative class members in Carter – the same putative class members the McCullough named Plaintiffs seek to represent – will be able to conduct the discovery that by law they are barred from conducting in McCullough. In short, the putative class members will be permitted to do indirectly through their discovery in the Carter litigation what they cannot do directly in McCullough, i.e., seek full-scale discovery which they will then inevitably seek to use to support their claims against Finley, Murphy, Strange and Hayes. As a result, Finley, Murphy, Strange and Hayes will be prejudiced immensely should the discovery

go forward in Carter prior to a ruling on immunity. This prejudice would be avoided entirely if the cases were consolidated for discovery purposes and stayed until the immunity appeals are resolved.

Likewise, the City will be prejudiced by being subjected to parallel but disjointed double discovery by the same putative class members. The class members get two bites at every apple. Should the first effort fail, they will have a second chance when the class members' second set of lawyers arrives at the same stage in discovery. The cost of discovery will thereby skyrocket, and there is no way for the City to avoid the increased cost. It cannot agree that discovery in Carter will apply in McCullough because to do so would be effectively to dissolve the stay in McCullough to which the individual defendants in that case are entitled.

Moreover, because of the duplicity of discovery and discovery disputes that will be engendered by a failure to stay this case, judicial efficiency will be compromised. Because City revenues will bear the brunt of duplicative discovery, including attorney fees and other costs, as well increased claims for attorney fees by two sets of lawyers, the public interest lies in granting the stay.

Finally, basic fairness counsels in favor of a stay in this case. All claims filed in the two companion cases could have been filed in one case, and, in fact, have been filed in one case, McCullough, the first of these cases filed. Defendants should not be prejudiced by the failure of two groups of lawyers to coordinate with one another in filing their separate lawsuits or after their lawsuits have been filed.

In connection with this motion, the City is certainly willing to take further measures to ensure the preservation of documents and to expedite the appeal to preclude prejudice to Carter and the putative class members he seeks to represent.

7

WHEREFORE, the City, for itself and on behalf of its Mayor, and current and former police chiefs, moves this Honorable Court to stay the proceedings in this case until the resolution of the appeals pending on immunity grounds before the Eleventh Circuit Court of Appeals.

Submitted this the 16th day of May, 2017.

                                       s/Shannon L. Holliday
                                       Shannon L. Holliday [ASB-5440-Y77S]
Robert D. Segall [ASB-7354-E68R]
Joel Caldwell [ASB-4625-Z36E]
COPELAND, FRANCO, SCREWS & GILL, P.A.
P.O. Box 347
Montgomery, AL 36101-0347
Telephone:  334-834-1180
Facsimile:  334-834-3172
holliday@copelandfranco.com
segall@copelandfranco.com
caldwell@copelandfranco.com
**Attorneys for Defendant City of Montgomery**

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 16th day of May, 2017, I filed the foregoing with the Clerk of the Court using the CM/ECF System which will notify all counsel of record electronically:

William M. Dawson, Jr., Esq.
Attorney at Law
2600 Highland Avenue, Suite 404
Birmingham, AL 35205
bill@billdawsonlaw.com

F. Lane Finch Jr., Esq.
Brian C. Richardson, Esq.
Swift, Currie, McGhee & Hiers, LLP
2 North 20th Street, Suite 1405
Birmingham, AL 35203
lane.finch@swiftcurrie.com
brian.richardson@swiftcurrie.com

Michael S. Jackson, Esq.
Webster, Henry, Lyons Bradwell
 Cohan & Black PC
P.O. Box 239
Montgomery, AL 36101
mjackson@websterhenry.com

Wilson F. Green, Esq.
Fleenor & Green LLP
1657 McFarland Blvd. N., Ste. G2A
Tuscaloosa, Alabama 35406
wgreen@fleenorgreen.com

Alexandria Parrish, Esq.
G. Daniel Evans, Esq.
Maurine C. Evans, Esq.
The Evans Law Firm
1736 Oxmoor Road, Suite 101
Birmingham, AL 35209
gdevans@evanslawpc.com
ap@evanslawpc.com
me@evanslawpc.com

Larry S. Logsdon, Esq.
Michael L. Jackson, Esq.
Wesley K. Winborn, Esq.
Wallace, Jordan, Ratliff & Brandt, L.L.C.
P.O. Box 530910
Birmingham, AL 35253
mjackson@wallacejordan.com
wwinborn@wallacejordan.com

             s/Shannon L. Holliday
             Of Counsel