IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ALDARESS CARTER, INDIVIDUALLY, AND FOR A CLASS OF SIMILARLY SITUATED PERSONS OR ENTITIES,** ) ) ) ) **Plaintiffs** ) ) ) **v.** ) ) **THE CITY OF MONTGOMERY and BRANCH D. KLOESS; JUDICIAL CORRECTION SERVICES, INC.,** a corporation; **CORRECTIONAL HEALTHCARE COMPANIES, INC.,** a corporation; **CHC COMPANIES, INC.,** a corporation. ) ) ) ) ) ) ) ) ) ) **Defendants.** ) | **Civil Action No.: 2:15-cv-555-RCL** |

**PLAINTIFF'S RESPONSE TO
THE CITY OF MONTGOMERY'S
MOTION TO STAY**

Comes now the Plaintiff in the above-styled cause and makes this response to the City's Motion to Stay. (Doc. 124) The City's motion is its most recent effort to further delay the resolution of this matter. The motion itself is made by the City but for the benefit of individuals who are not even parties to this litigation. The City chose to appeal an order of this Court in *McCullough v. City of Montgomery* case, Case No. 2:15-cv-463, and now feels its appeal there should freeze not only that case, but this matter as well. The motion is due to be denied for multiple reasons.

As the Court will no doubt see from the report of the parties planning meeting filed in the *McCullough v. City of Montgomery* case, Case No. 2:15-cv-463, (Doc. 159 ) that no agreement whatsoever was reached by those counsel concerning discovery issues in light

of the City's insistence on staying discovery following its decision to appeal this Court's order in that case. The order appealed in *McCullough* is unrelated to this case and pertains to individuals who are not parties here. Nevertheless, the City apparently believes it is entitled to simply prohibit other parties in other cases from proceeding to prosecute their claims. There is simply no support for the City's motion.

In the case at bar which was filed in 2015, there are currently pending two separate motions for summary judgment and an extensive Motion for Class Certification filed by the Plaintiff. The City's posture here and in the *McCullough* case has been to delay and obstruct. Most recently, counsel for all parties in the current action met on May 5, 2017 for the purposes of preparing a Rule 26 Planning Report. In hopes of expediting and making the meeting more efficient, Plaintiff provided the Defendants discovery requests prior to the meeting so that any issues regarding the scope of discovery, preservation, or E-discovery challenges could be identified and listed in the report. Rather than engaging in such discussion, counsel for the City of Montgomery refused to provide any information concerning the electronic data known to be maintained by the City and insisted the City wanted to stay all discovery. Thereafter, Plaintiff's counsel again attempted to advance the discussion, writing to the City's counsel. The response from the City's counsel stated that the City intended to object to documents and information stored electronically and declined the Plaintiff's offer to have IT individuals for each party meet and confer concerning the best approach with all counsel present. The current motion continues this approach.

Though the *McCullough* case and the *Carter* case have some claims in common, there is simply no justification for holding the *Carter* plaintiffs captive while the City pursues an appeal it chose to file in *McCullough*. Some discovery from the City of Montgomery has

taken place in previous cases. Three of those depositions have been filed in this case - two were submitted with Plaintiff's Motion for Partial Summary Judgment (Docs. 73-1 & 73-2) and one was submitted with Plaintiff's Motion for Class Certification (Doc. 118-22). In hopes of expediting discovery in this case, Plaintiff's counsel here has suggested that those depositions need not be repeated, but additional discovery is needed from the City, particularly in production of documents. In its motion, the City apparently believes that by allowing Carter to proceed with discovery, the plaintiffs in the *McCullough* case would gain some improper benefit. This is specious because there are no claims by Carter against the *McCullough* appellants Finley, Murphy, Strange or Hayes. As such, the City's concern about discovery in *Carter* somehow prejudicing those non parties is without substance.

Finally, the City's complaint that its cost will "skyrocket" is pure speculation as its assumption is based on the belief that discovery will be duplicated. In fact, the counsel in *Carter* have sought to expedite and reduce the costs of discovery by facilitating the electronic exchange of information, but the City has refused to participate. The irony of the City's position on duplication is further illuminated in its motion where it states that it will not agree that discovery in *Carter* can also be used in *McCullough*. (Doc.124 pg. 7) Once again, it is the City's own stubborness and refusal to adopt a reasonable approach that becomes the basis of its complaint -- not some abstract idea that all plaintiffs should coordinate for joint filings. In short, the City has chosen to appeal this Court's order on individuals who are not parties in the current action and it has refused to participate in a reasonable discussion of discovery approaches in this case and in the *McCullough* case. It refuses to allow discovery in *Carter* to be used in *McCullough*, and now complains that this series of its own decision will cause it harm unless this Court prevents all plaintiffs from

proceeding.[1]  There is simply no basis for delaying *Carter* further, nor is there any support for the City's motion which it made on behalf of non parties.

In conclusion, the Plaintiff prays that the Court will, upon consideration of this motion, promptly deny the City's request and require its proper participation in the discovery process, including electronic discovery.

RESPECTFULLY SUBMITTED,

s/ G. Daniel Evans
G. Daniel Evans
ASB-1661-N76G
Alexandria Parrish
ASB-2477-D66P
Maurine C. Evans
ASB-4168-P16T
Attorneys for The Plaintiff
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone:  (205) 870-1970
Fax: (205) 870-7763
E-Mail: gdevans@evanslawpc.com
E-Mail: ap@evanslawpc.com
E-Mail: mevans@evanslawpc.com

William M. Dawson
ASB-3976-S80W
Attorney for the Plaintiff
Dawson Law Office
1736 Oxmoor Road
Birmingham, Alabama 35209
Telephone: 205-795-3512
E-Mail: bill@billdawsonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2017, I electronically filed the foregoing

---

[1] Its suggestion that it will preserve documents is nothing more than an acknowledgment of a duty it already has.

Plaintiff's Response to the City of Montgomery's Motion to Stay with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Shannon L. Holliday, Esquire
Robert D. Segall, Esquire
Joel Caldwell, Esquire
COPELAND, FRANCO, SCREWS & GILL, P.A.
P.O. Box 347
Montgomery, AL 36101-0347

Micheal S. Jackson, Esquire
WEBSTER, HENRY, LYONS, BRADWELL,
COHAN & BLACK, P.C.
P. O. Box 239
Montgomery, AL 36101-0239

F. Lane Finch, Jr., Esquire
Brian Richardson, Esquire
Swift Currie McGhee and Hiers, LLP
2 North 20th Street, Suite 1405
Birmingham, Alabama 35203

Michael L. Jackson, Esquire
Larry S. Logsdon, Esquire
Wallace, Jordan, Ratliff & Brandt, L.L.C.
P.O. Box 530910
Birmingham, Alabama 35253

Wilson F. Green, Esquire
Fleenor & Green LLP
1657 McFarland Blvd. N., Ste. G2A
Tuscaloosa, Alabama 35406

Kimberly O. Fehl, Esquire
Michael D. Brymer, Esquire
CITY OF MONTGOMERY
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111

                                            s/ G. Daniel Evans
                                            G. Daniel Evans