IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALDARESS CARTER, INDIVIDUALLY, AND FOR A CLASS OF SIMILARLY SITUATED PERSONS OR ENTITIES, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.: 2:15-cv-00555-RCL |
| THE CITY OF MONTGOMERY, et al., | )<br>)<br>) |
| Defendants. | ) |

## CITY OF MONTGOMERY'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY

The Plaintiff opposes the motion to stay and seems to make two arguments in support thereof. First, he argues that the City has somehow caused repeated delay in the litigation of this matter. That is an incredible accusation and wholly unfounded. In this case, the City was entitled to file a motion to dismiss and did so. Doc. 35. The City was likewise entitled to a stay until the dismissal motion was ruled on. Doc. 56. The Court granted it. Doc. 61. The subsequent delay in obtaining a ruling as to the motion to dismiss was not, in any respect, a result of the City's action or inaction.[1] Thus, this motion cannot be seen as part of any pattern of bad faith on the part of the City. Nor should the City be punished because of a backlog in judicial appointments.

Plaintiffs then, in what can only be described as a bullying fashion, attempt to contend that there was some failure to share sufficient information about discovery at the Rule 26(f) conference, an unfounded position recycled from the Plaintiff's portion of the Rule 26(f) report. See Doc. 125

---

[1] The City also timely filed its opposition to the Plaintiff's motion for summary judgment and timely filed a response to the motion for class certification primarily pointing out that further discovery is necessary before it should be briefed. There is nothing earth-shattering or unusual about that position. This is particularly true since Plaintiff seeks extensive discovery that can be for no other purpose than proving up their motion for class certification.

1

at 1-2.  This has been addressed in the City's section of the report (<u>see</u> Doc. 123) and the City's desire to proceed to answer questions regarding a very central and material issue (as to what information is available as to class members and damages and in what format) through formal discovery is certainly well within its prerogative under the discovery rules.  Apparently, the Plaintiffs wanted the actual answers to their discovery requests (which ask these precise kinds of questions) provided at the Rule 26 meeting. Finally, the Plaintiffs simply misrepresent the City's position when they say that the City has refused to provide electronic discovery.  No such representation was made; nor have discovery objections yet been filed.  Nor are they yet due.

And, finally, Carter's contention that the appeal of the denial of immunity defenses in <u>McCullough</u> is a delay tactic is unfounded.  If Carter actually takes that position, he should speak to Congress about it because the Supreme Court and Eleventh Circuit have made it clear that immunity from trial dictates that the party seeking that immunity be entitled to an interlocutory appeal and certain stays pending that appeal's resolution.  <u>See</u> City's arguments on this point in Doc. 124 and 124-1.

Nor is the instant motion made in an effort to delay the proceedings. The instant motion is likewise supported by Supreme Court, Eleventh Circuit and Middle District case law that hold that where appellants appeal on immunity grounds, all discovery relative to intertwined claims should be stayed.  <u>See</u> argument set out at Doc. 124 and 124-1.  And the Plaintiff in this case has not denied that the claims in this case are intertwined with those in <u>McCullough</u> against the defendants appealing immunity nor could he.  <u>See</u> Doc. 124 at 1-2.  Importantly, the Plaintiff has also failed to deny that the classes he seeks to represent are, in fact, the same classes that the <u>McCullough</u> plaintiffs seek to represent.

Second, the Plaintiff argues that the City is only speculating that the discovery costs will skyrocket if the discovery in this case goes forward. This is also not a credible position. The costs will undoubtedly increase because the McCullough plaintiffs will seek the same depositions of city and court officials and issue similar or overlapping paper discovery requests and subpoenas. It stands to reason that when one is raising the same or overlapping claims and representing the exact same classes, essentially the same or overlapping discovery requests will be made. Permitting the discovery to occur twice in this staggered fashion will be costly to all as will doubling the costs associated with objections and discovery motions related thereto.

Carter then, amazingly, takes issue with the fact that the City will not agree to allow the discovery in Carter to be used in McCullough. The Plaintiff takes the position that this reflects the city's "stubbornness" and refusal to adopt what his attorneys describe as a "reasonable approach." Doc. 125 at 3. This reasoning is flawed. If discovery goes forward in Carter, and the City, the City Defendants (Strange, Finley and Murphy) and Hayes permit that discovery to be used against Murphy, Finley, Strange and Hayes in McCullough, those defendants will have effectively waived the right to object to the discovery and deposition questions then used to prove the McCullough Plaintiffs' case against them. What Plaintiff calls "a reasonable approach" is, in short, one which requires litigants to waive their due process rights and the rights afforded them under federal law as appellants seeking the protection of immunity. See, e.g., K.M. v. Ala. Dept. of Youth Services, 209 F.R.D. 493, 495 (M.D. Ala. 2009), *aff'd* 73 F.App'x 386 (11th Cir. 2003) and Ashcroft v. Iqbal, 556 U.S. 667, 685-86 (2009). Moreover, permitting the discovery to go forward, even if the discovery itself is not used against the individual McCullough plaintiffs will not preclude the *fruit* of that discovery being used against them. In short, this is a case in which due process concerns themselves militate in favor of, and arguably even require, consolidated discovery.

In short, the Plaintiffs have failed to counter the arguments made by the City on behalf of the City individual Defendants (Strange, Finley and Murphy) for a stay of the proceedings in this case. It is quite evident from the Plaintiff's response that the class he seeks to represent – the same class the McCullough plaintiffs seek to represent on a slightly broader set of claims – will be able to do indirectly that which they cannot do directly if this case is permitted to go forward. They will be permitted to obtain discovery against the defendants appealing denial of immunity in connection with claims that are not only intertwined but overlap with the claims brought in this case. At the very least – even if the discovery is not permitted to be used against those defendants in McCullough, the fruits of that discovery will be available to the Carter/McCullough class members. And, without question, the denial of this stay will not only greatly increase the costs of discovery to the City and undermine judicial economy but it will also, likewise, harm the defendants appealing immunity in McCullough. As plaintiff has cited no prejudice to his case other than delay, the motion here is due to be granted.

Respectfully submitted this 30th day of May, 2017.

        s/Shannon L. Holliday
        Shannon L. Holliday [ASB-5440-Y77S]
        Robert D. Segall [ASB-7354-E68R]
        Joel Caldwell [ASB-4625-Z36E]
        COPELAND, FRANCO, SCREWS & GILL, P.A.
        P.O. Box 347
        Montgomery, AL 36101-0347
        Telephone:  334-834-1180
        Facsimile:  334-834-3172
        holliday@copelandfranco.com
        segall@copelandfranco.com
        caldwell@copelandfranco.com
        **Attorneys for Defendant City of Montgomery**

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 30th day of May, 2017, I filed the foregoing with the Clerk of the Court using the CM/ECF System which will notify all counsel of record electronically:

William M. Dawson, Jr., Esq.
Attorney at Law
2600 Highland Avenue, Suite 404
Birmingham, AL 35205
bill@billdawsonlaw.com

F. Lane Finch Jr., Esq.
Brian C. Richardson, Esq.
Swift, Currie, McGhee & Hiers, LLP
2 North 20th Street, Suite 1405
Birmingham, AL  35203
lane.finch@swiftcurrie.com
brian.richardson@swiftcurrie.com

Michael S. Jackson, Esq.
Webster, Henry, Lyons Bradwell
 Cohan & Black PC
P.O. Box 239
Montgomery, AL 36101
mjackson@websterhenry.com

Wilson F. Green, Esq.
Fleenor & Green LLP
1657 McFarland Blvd. N., Ste. G2A
Tuscaloosa, Alabama 35406
wgreen@fleenorgreen.com

Alexandria Parrish, Esq.
G. Daniel Evans, Esq.
Maurine C. Evans, Esq.
The Evans Law Firm
1736 Oxmoor Road, Suite 101
Birmingham, AL 35209
gdevans@evanslawpc.com
ap@evanslawpc.com
me@evanslawpc.com

Larry S. Logsdon, Esq.
Michael L. Jackson, Esq.
Wesley K. Winborn, Esq.
Wallace, Jordan, Ratliff & Brandt, L.L.C.
P.O. Box 530910
Birmingham, AL  35253
mjackson@wallacejordan.com
wwinborn@wallacejordan.com

               s/Shannon L. Holliday
               Of Counsel