UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **ALDARESS CARTER,** **INDIVIDUALLY, AND FOR A CLASS** **OF SIMILARLY SITUATED** **PERSONS OR ENTITIES** ) ) ) ) ) | |
| **Plaintiff,** ) | |
| ) | **Civil Case No. 2:15-cv-00555 (RCL) (WC)** |
| **v.** ) | |
| ) | |
| **THE CITY OF MONTGOMERY and** **BRANCH D. KLOESS; JUDICIAL** **CORRECTION SERVICES, INC., a** **corporation; CORRECTIONAL** **HEALTHCARE COMPANIES, INC., a** **corporation.** ) ) ) ) ) ) ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Now before the Court is Defendant Branch D. Kloess's Motion to Sever [ECF No. 104]. This Court denied Kloess's motion on March 29, 2018, after considering it and the plaintiff's Response in Opposition. [ECF No. 110 & 139]. This Memorandum explains the Court's ruling.

## I.    BACKGROUND

Plaintiff Aldaress Carter alleges that several of his statutory and constitutional rights were violated by defendants' "policies and practices employed to collect debts from the fines, fees, costs, and surcharges that the City assesses, usually for traffic tickets." [ECF No. 11]. Plaintiff's First Amended Complaint explains that he and others similarly situated were victims of a "Pay or Stay" scheme perpetrated by the City of Montgomery, Judicial Correction Services ("JCS"), and Branch D. Kloess. [ECF No. 18].  For the purposes of the present motion, the Court focuses on

1

plaintiff's first count, alleging that Montgomery and Kloess denied due process to him and others in violation of 42 U.S.C. § 1983.

In sum, plaintiff alleges that in 2011 he was placed on "probation" under the supervision of defendant JCS for failure to pay fines, fees and costs related to traffic tickets. After plaintiff failed to respond to several "failure to report" letters issued by JCS, which plaintiff alleges he did not receive, JCS petitioned for plaintiff's "probation" to be revoked. Plaintiff never received notice that a hearing was being held, but on January 30, 2013, Montgomery issued a warrant for plaintiff's arrest for "Failure to Appear" in court. Plaintiff was arrested nearly a year later, still without having received notice of the earlier court dates or bench warrant until his arrival at the Montgomery City jail. [ECF No. 18 at 20-22.] When plaintiff appeared before the judge he was ordered to pay $915 for the fines and fees associated with his unpaid traffic tickets to secure his release. Plaintiff was released on January 30, 2014, after his mother paid $452 on his behalf. Plaintiff then discovered that defendant Kloess had entered a notice of appearance on his behalf, though he had never met Kloess and did not know who he was. Defendant Kloess "did not appear before the judge to plead [plaintiff's] indigency or request that the judge reduce his sentence based on his inability to pay, nor did he meet with [plaintiff] and file any pleading raising the issue of his indigency." [ECF No.18 at 22-24].

Plaintiff claims that Montgomery exceeded its statutory authority and violated his constitutional right to due process by entering into an agreement allowing JCS "to bind its municipal court to include probation and fees for JCS in every court order entered by its hired judge." [ECF No. 18 at 30] Plaintiff alleges that "Montgomery, by its practice and policy, permitted, approved and conspired with JCS, a private actor with a financial stake in the outcome, to play the role of a neutral probation office and, at its discretion, to use threats of

revoking probation, increased fines and costs, arrest and jail time for purposes of collection." [ECF No. 18 at 33]. Next, plaintiff argues that Kloess, and other public defenders employed by Montgomery to represent the indigent, "have a policy and practice of not requesting indigency hearings despite the fact that the only clients they represent under the contract with [Montgomery] are indigents." [ECF No. 18 at 35]. Plaintiff asserts that this alleged policy–and defendant Kloess's actions–are in violation of his constitutional due process rights. [ECF No. 18].

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 21, a court is authorized to sever a claim against any party "at any time, on just terms" on motion of the parties or *sua sponte*. *See* Fed. R. Civ. P. 21. "In determining whether to join or sever claims, courts employ the permissive joinder requirements articulated in Rule 20(a), which permits claims to be joined if: 1) the claims arise from the same transaction or occurrence, or series of transactions or occurrences; and 2) any question of law or fact common to all plaintiffs arose in the action." *Pinson v. U.S. Dep't of Justice*, 74 F. Supp. 3d 283, 288 (D.D.C. 2014)*; see also Fisher v. Ciba Specialty Chemicals Corp.*, 245 F.R.D. 539, 541-42 (S.D. Ala. 2007).

To satisfy the first prong, the claims must be logically related. *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926) ("'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."); *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000) *(overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003)). The Supreme Court has instructed the courts to "entertain[] the broadest possible scope of action consistent with fairness to the parties; joinder of claims,

parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S.

715, 724 (1966). The second prong–a common question of law or fact– "does not require that

*all* questions of law and fact raised by the dispute be common, but only that *some* question of

law or fact be common to all parties." *Alexander*, 207 F.3d at 1324 (emphasis original)*; Fisher*,

245 F.R.D. at 542. The determination of whether to grant the motion to sever is left to the

discretion of the trial court. *See West v. Jamssen Pharm., Inc.*, No. 2:15-CV-553-WKW-DAB,

2017 WL 3492871, at \*2-3 (M.D. Ala. Aug. 4, 2017, report and recommendation adopted, No.

2:15-CV-553-WKW, 2017 WL 3976294 (M.D. Ala. Sept. 8, 2017); *Fisher*, 245 F.R.D. at 541.

## III.  ANALYSIS

To determine whether the claim against defendant Kloess should be severed, the Court

applies the permissive joinder requirements of Rule 20(a) to test whether there exists "1) a right

to relief arising out of the same transaction or occurrence, or series of transactions or

occurrences, and 2) some question of law or fact common to all persons seeking to be joined."

*See* Fed.R.Civ.P. 20(a).

First, the Court considers whether the claims arise from the same transaction or

occurrence, or series of transactions or occurrences. *Alexander*, 207 F.3d at 1323. Claims are

part of the same transaction or occurrence when they are logically related. *Moore*, 270 U.S. at

610. Here, plaintiff alleges that his public defender, defendant Kloess, was involved in

Montgomery's "Pay or Stay" scheme. More specifically, plaintiff alleges defendant Kloess

failed to provide him with adequate representation in accord with Montgomery's public

defenders' alleged practice of not providing their indigent clients with adequate representation.

Strangely, the moving party argues that "[s]ince Kloess is alleged not to have been present, there

is no common transaction or occurrence alleged." [ECF No. 104 at 4]. The Court disagrees.

4

Kloess's alleged deliberate absence lies directly at the heart of plaintiff's claims. Because Kloess's alleged failure to adequately represent plaintiff contributed to defendants' "Pay or Stay" scheme, the Court finds that the claims are sufficiently related to satisfy the same transaction or occurrence prong.

Next, the Court determines whether any question of law or fact common to all plaintiffs arose in the action. *Alexander*, 207 F.3d at 1324. Kloess argues that there are no common questions of fact with regard to how Montgomery and Kloess violated plaintiff's constitutional right to due process. Kloess concedes, however, that there is one claim that is common to him and Montgomery: that plaintiff's constitutional right to due process was violated. [ECF No. 104]. Because defendant Kloess conceded in his motion that a common question of law exists, the Court finds that the second prong of the Rule 20(a) (2) analysis is satisfied without further analysis.

While both prongs of the Rule 20(a) (2) analysis are satisfied, the determination of whether to grant the motion to sever is nevertheless left to the discretion of the trial court. *See Alexander*, 207 F.3d at 1324 n.16; *M.K. v. Tenet*, 216 F.R.D. 133, 137 (D.D.C. 2002). Accordingly, the Court considers defendant Kloess's contention that he will be severely prejudiced if severance is not granted. Defendant Kloess argued that the claim against him "is isolated and unique" while the "other claims made against the other parties are complicate[d] and are going to take substantial discovery, substantial motion practice with regard to the asserted class, and, if tried, lengthy trials with very [c]omplicated issues for a jury to consider." [ECF No. 104].

Defendant Kloess claims his counsel will be subjected to additional work that will have no bearing on the claim against him if the claim is not severed, whereas if the claim is severed

the plaintiff will suffer substantially no prejudice. Plaintiff argues that the claims against Kloess and Montgomery are interwoven and the "same discovery would be needed and the same evidentiary foundation would have to be laid in both trials in order to establish the joint scheme that ungirds Plaintiff's claims." [ECF No. 110]. The Court agrees with plaintiff's reasoning.

Although denying the motion to sever might cause defendant Kloess to be subjected to a longer trial and discovery process, the potential for prejudice against him is not enough to warrant severance in this case. Additionally, the current record does not establish any basis to believe a jury would be confused by Kloess's claimed role in the broader alleged scheme.

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant Branch D. Kloess's Motion to Sever. [ECF No. 104]. A separate Order was issued on March 29, 2018. [ECF No. 139].

DATE: 1/20/18

Royce C. Lamberth
United States District Judge