## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| Aldaress Carter, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO: 2:15-cv-555 (RCL) |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CITY OF MONTGOMERY, | ) | |
| ALABAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

On August 9, 2017, the Court granted defendants' motion to stay proceedings in this case [ECF 131]. Now before the Court is the plaintiffs' motion to lift the stay. Upon consideration, of the motion [ECF 133], the City of Montgomery's (the "City") opposition thereto [ECF 134], the plaintiffs' reply [ECF 136], and the City's sur-reply [ECF 137] it is hereby **ORDERED** that the plaintiffs' motion to lift the stay is **GRANTED** and discovery should proceed in the above-captioned case.

The Court granted the stay in this case pending action by the Eleventh Circuit to resolve the issues before it in *The City of Montgomery, Alabama, et al. v. Angela McCullough, et al.*, Case No. *17-11554* (11th Cir.), and *Les Hayes, III v. Angela McCullough, et al.*, Case No. 17-11555 (11th Cir.). On August 17, 2017, the Eleventh Circuit entered an order (the "Order") granting in part and denying in part Appellees' motion to dismiss the appeal. *See Angela McCullough, et al. v City of Montgomery, Alabama, et al.*, 2:15-cv-00463-RCL (ECF 166). Specifically, the Order

dismissed the City's appeal, stating that the City "may [not] piggyback on Judge Haye's proper appeal for judicial immunity." *Id.*

While the Court remains aware of the open question regarding consolidation [ECF 111], justice is best served—in light of the Order—by lifting the stay. None of the parties in the present case remain parties to the appeal in *McCullough*. If nothing else, the Order made clear that the claims in *McCullough* will proceed against the City, so this Court sees no reason to delay the present action any further. In its briefs [ECF 134, 137], the City raises concerns over potential prejudice to the individual appellants in *McCullough*. However, the City has no standing to make such arguments. Just as the City may not piggyback on Judge Haye's proper appeal for judicial immunity, so too it may not rely on speculative effects on nonparties to delay proceedings in this case. Discovery provides the proper forum to raise such concerns and the individual defendants themselves are the proper parties to raise them. The stay is hereby lifted.

**SO ORDERED**.

Date: 7/20/18

_____
Royce C. Lamberth
United States District Court