IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALDARESS CARTER, INDIVIDUALLY, AND FOR A CLASS OF SIMILARLY SITUATED PERSONS OR ENTITIES, </br></br>Plaintiff,</br></br>v.</br></br>THE CITY OF MONTGOMERY, et al.,</br></br>Defendants. | )</br>)</br>)</br>)</br>)</br>)</br>)</br>)  Civil Action No.: 2:15-cv-00555-RCL</br>)</br>)</br>)</br>) |

STATE OF ALABAMA           )
COUNTY OF MONTGOMERY )

### THIRD AFFIDAVIT OF KENNETH H. NIXON

1. My name is Kenneth H. Nixon, Jr. I have served as Court Administrator for the Montgomery Municipal Court since 2009. Prior to that time, I served as a prosecutor for the City of Montgomery in the Municipal Court. I have personal knowledge of the facts set out herein.

2. Files that were closed before the transition to the electronic system in February 2012 would have to be searched manually. The closed files are not maintained in alphabetical order and are stored off-site. Thus, it would be extremely burdensome to obtain information about JCS assignees from the paper files that were closed prior to the introduction of the Benchmark System put into place in February 2012 in the Municipal Court.

3. My review of the files for JCS-related forms have disclosed the forms regularly used in the Court. Those have been turned over in response to the discovery requests in this case. It is possible that in the thousands of files involving JCS-assigned Municipal Court defendants, there might be a form not located by me, but it would be a form not in general use.

4.      Just because someone who at some point was assigned to JCS was later arrested and jailed, would not mean that that arrest or jailing was the result of assignment to JCS. The arrest and jailing could have been the result of cases never assigned to JCS or could be the result of events on the cases assigned to JCS that were in no way related to that assignment, including later failures to appear in court regarding compliance with payment plans.

5.      Assuming that a program could be written to export all of the Municipal Court's electronic files relating to JCS-assignment (and that is merely an assumption), one would still have to download thousands of files. Even if only 17,000 people were assigned to JCS in Montgomery as the Plaintiff now proposes, most of those individuals had multiple cases, and the number of files that would need to be downloaded would easily be four or five times the number of people assigned to JCS, as each ticket or misdemeanor charge will have its own case file. Even with that information, a manual search would be necessary to determine whether any individual spent any time in jail in connection with a ticket or case assigned to JCS and whether that time in jail could even arguably be attributed to assignment to JCS.

6.      There is no code in the electronic system that would indicate which Municipal Court defendants were commuted (i.e., had their fines converted to days in jail). And thus there is no way, short of manual review of tens of thousands of pages of court documents to determine who was commuted during the time in question, and a further manual review of additional documents to determine whether the person actually served any of the time in jail related thereto. This further review would be necessary because even after an order commuting a fine and costs to jail time, the individual could pay the amount due (which would be reduced as a result of the commutation) and be released immediately.

7. There is no code even for assignment to JCS in the Court's electronic system, no code for removal from assignment to JCS and no code for probation generally; the only way to determine whether anyone's assignment to JCS was extended, modified or reinstated would be to undertake a manual review of the PDF Court files. The review could be done by reviewing electronic documents, but it would still have to be done document by document.

8. Because there is no code for assignment to JCS and assignment is not electronically searchable, it would require the manual review of every individual case file to determine from the Municipal Court records who was assigned to JCS. While the Court has records (already produced in full to the Plaintiff) of those individuals for whom the Court received payments from JCS, many individuals will never have made any payments.

9. The Municipal Court clerks do not generally use the code for jail that is available in the Court's electronic system and so there is no way to electronically search for those people assigned to JCS who are jailed. One would have to match up jail records to the names of people who were placed on JCS, and even then a substantial manual review would be required to determine whether JCS's involvement in the case even arguably resulted in the person's being jailed.

10. Even with a full list of those assigned to JCS, determining who was on probation for more than two years would necessarily require a manual search. One would have to determine when the JCS probation order was entered, when JCS sought revocation, when JCS assignment was revoked, and when and if the JCS-assignment was reinstated, among other things, to determine whether the twenty-four month period was exceeded. This would require an extensive manual review of the Municipal Court records, which would take thousands of hours to conduct.

11. There will not be an electronic search that can answer any of the following questions: probationers found to be indigent and placed on probation; those placed on JCS probation even though they had no outstanding fines or court costs; those placed on JCS probation who had counsel appointed before being jailed; those placed on JCS probation who had fines or costs added to their JCS probation balance from charges that predated the charge which resulted in the probation order. To answer these questions would require thousands of hours of manual file review. Some of these questions (whether counsel was appointed) cannot be answered definitively with a file review at all because, while it was the general practice of the Municipal Court Judges to provide access to counsel, that is not necessarily noted or reflected in the electronic file. The Municipal Court is not a "court of record."

12. While it can be determined through an electronic search who was charged a warrant fee in municipal court, matching JCS-assignee names with the individuals who were assigned to JCS and who were charged a warrant fee would require an extensive cross-checking to exclude the thousands of people charged warrant fees in the Court who were never assigned to JCS. Even assuming that software could be written to extract the information for the JCS-assignees about whom Plaintiff is aware, determining that a JCS assignee was charged a warrant fee would not be sufficient to show that the warrant fee was charged because of the individual's assignment to JCS or that the warrant fee was subject to any viable challenge.

13. There was no code for community service in use during the period of time that JCS was being used in the Municipal Court. Thus, there can be no electronic search that can be conducted for the relevant period. A manual review of all JCS-assignee files (based on Plaintiff's list of JCS assignees) would have to be undertaken,

14. The mere fact that a warrant was issued during the time following a Petition for Revocation of JCS would not indicate that the warrant was issued in connection with the JCS revocation petition. There would have to be a manual review to determine whether JCS revocation was the cause of the warrant being issued or whether a warrant would have been issued notwithstanding the JCS revocation for a non-traffic misdemeanor, for failures to appear on other tickets or for failure to appear for a subsequent appearance ordered by the Court on the JCS-assigned tickets.

15. The Municipal Court does not keep Attorney Branch Kloess's case files or notes. The Court has produced for production the calendar showing when Mr. Kloess was assigned to work, but there were times when the public defenders (there were multiple public defenders) substituted for one another. There is no code that was regularly entered in the electronic records that would indicate whether Branch Kloess's provided representation even if Mr. Carter's electronic file shows that Mr. Kloess was assigned to the case. Moreover, if the Court were to go through all files to identify those in which an attorney assignment was entered, there would still have to be extraction of the JCS-assignees from the full set of files in connection with which the code was entered showing Mr. Kloess's assignment to the case.

Further affiant sayeth not.

_____
Kenneth H. Nixon, Jr.

STATE OF ALABAMA       )
COUNTY OF MONTGOMERY   )

Sworn to and subscribed before me on this the 16th day of April, 2019.

_____
Notary Public
My Commission Expires:_____

5