# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

ALDARESS CARTER, )
individually and for a class of similarly )
situated persons, )
                                                      )
     *Plaintiffs*, )
                                                      )
v. ) Case No. 2:15-cv-555-RCL
                                                      )
THE CITY OF MONTGOMERY, *et al.*, )
                                                      )
     *Defendants*. )

## MEMORANDUM OPINION

On December 3, 2019, plaintiffs filed a Motion for Leave to File Third Amended Complaint. ECF No. 231. Defendants Judicial Correction Services, Inc. ("JCS"), Correctional Healthcare Companies, Inc., CHC Companies, Inc., Branch D. Kloess, and the City of Montgomery ("the City") have filed oppositions to plaintiffs' motion.[1] ECF Nos. 235, 236, 238, 241. Upon consideration of the motion, oppositions, and partial reply (ECF No. 240), the Court will deny plaintiffs' Motion for Leave to File Third Amended Complaint.

## BACKGROUND

Plaintiff Aldaress Carter filed his original Complaint initiating this lawsuit in August of 2015. ECF No. 1. He filed his First Amended Complaint in September of 2015 (ECF No. 18) and his Second Amended Complaint in August of 2018 (ECF No. 145). He now asks this Court to grant him leave to file a Third Amended Complaint. Discovery in this case closed on December

---

[1] JCS and Correctional Healthcare Companies, Inc. filed one joint opposition. CHC Companies, Inc. later joined that opposition. Therefore, any of JCS's arguments referenced throughout this Memorandum Opinion are also attributable to Correctional Healthcare Companies, Inc. and CHC Companies, Inc.

1

19, 2019—sixteen days after Mr. Carter filed his motion seeking to amend the Complaint for the third time.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), a plaintiff may only amend a complaint "with the opposing party's written consent or the court's leave." When the interests of justice so require, "leave to amend should be liberally granted." *W.R. Huff Asset Mgmt. Co. v. Kohlberg, Kravis, Roberts*, 209 F. App'x 931, 934 (11th Cir. 2006) (citing Fed. R. Civ. P. 15(a)). Despite this liberal standard, there are still numerous situations in which leave to amend should be denied. If there is a scheduled deadline for amending a complaint, a plaintiff must show good cause for why that deadline should be set aside. If there is no scheduled amendment deadline, there are three instances in which the Court should not grant the plaintiff leave to amend a complaint. First, the Court may deny leave to amend when there has been "undue delay." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). Second, the Court may deny leave to amend if the amendments would cause "undue prejudice." *Id.* Third, the Court may deny leave to amend if the amendments would be futile. *Id.* The Court does not need to find that all three factors are present; rather, the existence of a single factor empowers the Court to deny the motion.

## ANALYSIS

Mr. Carter characterizes his proposed Third Amended Complaint as merely "confirm[ing] the factual allegations in the pleadings and class definitions to the evidence uncovered in discovery" and "streamlin[ing] and clarify[ing] the legal claims in light of the

evidence gleaned from discovery and the Court's rulings." ECF No. 231 at 1. The Court strongly disagrees with his depiction. Mr. Carter has tried to present his Third Amended Complaint as some innocuous document that simply clarifies a few points and sharpens some definitions. He would like the Court to believe that he altruistically drafted these amendments for the benefit of all parties involved; but a mere glance at the redline version of the Third Amended Complaint showing how it differs from the Second Amended Complaint (ECF No. 231-2) immediately contradicts Mr. Carter's characterization of his motion. Every single page has numerous redline changes. In fact, the redline version contains so many changes that at times, the Court found itself struggling to understand what exactly the document was saying.

The defendants ask for application of the good cause standard, which would place the burden on Mr. Carter to show why his motion should be granted, which they maintain that he cannot do. In the alternative, the defendants ask this Court to deny him leave to amend based on undue delay, undue prejudice, and/or futility. For the reasons set forth below, the Court finds that both undue delay and undue prejudice are independent grounds for denying Mr. Carter's motion. Leave to amend will therefore be denied.

## I. Plaintiffs Unduly Delayed in Filing the Motion for Leave to File Third Amended Complaint.

The Court finds that Mr. Carter's filing of the Motion for Leave to File Third Amended Complaint was unduly delayed. Looking first at JCS's argument, it notes that the currently operative Second Amended Complaint alleged a conspiracy involving only JCS and the City. ECF No. 145. The proposed Third Amended Complaint, however, alleges a conspiracy between JCS and the Municipal Court. JCS also points out that Mr. Carter knew that his prior Complaint omitted any mention of a conspiracy between JCS and the Municipal Court. JCS specifically

3

stated in its summary judgment motion that the Second Amended Complaint alleged "that a conspiracy exists between JCS and the City, not between JCS and the Montgomery Municipal Court." ECF No. 184 at 51. This means that Mr. Carter's failure to add this allegation earlier in the litigation was not a mere oversight, as he was on notice that he had not alleged a conspiracy between JCS and the Municipal Court.

Mr. Kloess also believes that the proposed Third Amended Complaint makes substantive changes to the allegations. For example, Mr. Carter has proposed adding a new sub-class: "All individuals in the Main Class for whom Branch Kloess was listed as the Public Defender assigned to the jail docket when they were jailed." ECF No. 231-1 ¶ 5. Mr. Carter has not given any valid reason for waiting until two weeks before the discovery deadline to make this significant addition.

The City points out that many of the proposed changes have nothing to do with information gleaned in discovery and thus could have been made months ago. The City is also concerned with the addition of allegations regarding a "tripartite conspiracy" between the City, Municipal Court, and JCS. ECF No. 241 at 10. This is a serious substantive change, and the City correctly points out that Mr. Carter failed to "list[] any facts that he learned in discovery for the first time in support of these claims," leaving the Court confused as to why he could not have amended the Complaint prior to the eve of the discovery deadline. *Id.*

Mr. Carter claims that he could not have amended the Complaint prior to December 3rd because new facts came to light during discovery. Although fact discovery has been occurring throughout 2019, it seems strange that he would wait until sixteen days before the discovery deadline to amend his Complaint. He has also failed to state any precise date upon which he learned of specific information for the first time that would have given him reason to add these

4

new conspiracy allegations so late in the process. With the discovery deadline looming, he had a responsibility to seek leave to amend his Complaint the moment any new information came to light—not wait until mere weeks before the close of discovery. Mr. Carter represented to this Court that his motion was made in good faith. ECF No. 231 at 1. The Court has seen no direct evidence that this motion was made in bad faith, but it is impossible not to be at least somewhat suspicious of his timing.

This case was filed over four years ago. Mr. Carter has already amended his original Complaint twice, meaning that this would be the fourth version of the Complaint. At some point, amendment becomes excessive, and he simply needs to move forward with the allegations that he has. Denying leave to amend based on a looming discovery deadline is far from unprecedented. In *McCullough v. City of Montgomery*, this Court said that August of 2019 was too late to amend a Complaint when the discovery deadline was set for December 19, 2019 (the same deadline as in this case). *McCullough* (2:15-cv-463) ECF No. 197. In denying a Motion to Reconsider (*McCullough* ECF No. 188), this Court explained that the plaintiffs need not bother filing a separate motion to re-amend their Complaint, as it would be immediately denied. *McCullough* ECF No. 197 at 2. The Court wrote the following:

> Plaintiffs had plenty of time to seek leave to amend; they shouldn't have waited to do so within six months of the dispositive motion deadline. With the parties currently mired in class-wide discovery, amendment would pile-on a whole new dimension to the litigation, subjecting everyone to another round of motions-to-dismiss . . . Rule 15 does not require that headache, and the Court will not suffer it willingly.

*Id.* The language in *McCullough* is also applicable to this case. In fact, that language applies with even greater force here, as the motion in *McCullough* was filed four months prior to the motion in this case. Essentially, the Court has imposed a firm discovery deadline, and it is improper to make substantive changes to the Complaint right before that deadline. Mr. Carter unduly delayed

5

his filing of this motion, which on its own is sufficient grounds to deny leave to amend. Furthermore, even if there were not undue delay, the Court would still deny the motion based on undue prejudice as explained below.

**II. Granting Leave to Amend the Complaint Would Unduly Prejudice Defendants.**

Granting the Motion for Leave to File Third Amended Complaint would unduly prejudice the defendants. As explained above, this motion was filed roughly two weeks before the discovery deadline. At this point, the defendants have no opportunity to explore via discovery the changes in the Third Amended Complaint, putting them at a tactical disadvantage. They will not be able to submit discovery requests or depose witnesses who may have relevant information to share, thus diminishing their ability to craft a meaningful defense.

JCS explains the undue prejudice that it believes would result from granting leave to file in the following manner:

> Defending a conspiracy allegation is a fact-heavy exercise. Had JCS been accused of conspiracy with the Montgomery Municipal Court sooner, it would have conducted more or different discovery to the lack of any unlawful agreement between JCS and the Municipal Court. JCS conducted discovery and took all of the depositions understanding that it was defending four allegations of conspiracy between JCS and the City – the allegations in the operative Second Amended Complaint. Specifically, the parties took the deposition of Montgomery Municipal Court employees Ken Nixon and James Tolbert on September 16, 2019, and September 17, 2019, respectively. JCS's decisions regarding questions to ask, or not to ask, these witnesses [were] based on the pleadings as they existed at the time – without allegations of a conspiracy between the municipal court and JCS. It would be prejudicial to make it defend these new conspiracy claims with no meaningful opportunity to conduct related discovery.

ECF No. 235 at 9. The Court agrees with JCS's characterization of how undue prejudice would result if the motion were granted.

Mr. Kloess makes a similar argument about undue prejudice, noting that he has already deposed Mr. Carter on the basis of the Second Amended Complaint. ECF No. 238 at 2.

6

Additionally, he fears that defending against the new allegations would cost more in attorneys' fees, as he has not previously had to defend against class allegations in this case. *Id.* at 2-3. The Court agrees that because of the timing of the request to amend, Mr. Kloess would be unduly prejudiced.

The City is also concerned about undue prejudice, noting that there is "no time left to do discovery on Plaintiff's new claims." ECF No. 241 at 4-5. Specifically, the City says:

> [T]he city would be prejudiced by having to change gears entirely and defend a different lawsuit at summary judgment while also drafting and briefing a motion to dismiss addressed to the newly amended complaint. This would be an astronomical and, quite frankly, impossible task; and it would have to be done while also dealing with the final hurdles relative to the extremely burdensome discovery requests that have been made by Plaintiffs in both *McCullough* and *Carter* relative to class discovery and while drafting the *McCullough* summary judgment briefs. The Plaintiff's timing could hardly have been designed to inflict more prejudice.

*Id.* at 5. The City continues by pointing out that the "significant costs associated with discovery" have already been incurred, and allowing leave to file the Third Amended Complaint would result in even higher expenses for the City.

Mr. Carter argues that amending the Complaint would not be prejudicial because "[t]he amendment comes before the discovery cutoff." ECF No. 231 at 6. This assertion is laughable. He is technically correct that the deadline had not yet expired, but by asking to amend the Complaint a mere two weeks before the discovery deadline, Mr. Carter might as well be asking to amend the Complaint after discovery had already closed. Granting Mr. Carter's request would unduly prejudice the defendants, which on its own is reason to deny the motion. Furthermore, even if granting the motion would not unduly prejudice the defendants, the Court would still deny the motion based on undue delay as explained above.

### III. It is Unclear Whether the Third Amended Complaint is Futile.

Only Mr. Kloess makes a futility argument. He says that the amendments are futile because "[t]he elements for class certification against Kloess are not present and will not be present." ECF No. 238. The additional allegations made against him, however, would require factual investigation, and the Court is not prepared to say with absolute certainty that Mr. Carter would be unable to find any evidence supporting his new allegation. Whether the class would be properly certified would involve lengthy factual and legal debate, and the Court cannot speculate as to what its ultimate ruling would be. Therefore, the Court cannot say at this time that the amendments would be entirely futile, meaning that this third factor does not clearly weigh in the defendants' favor. As explained above, however, undue delay and undue prejudice each serve as an independent basis for denying the motion, so whether the amendments are futile does not determine the outcome.

### IV. If the Good Cause Standard Applies to the Motion for Leave to File Third Amended Complaint, Mr. Carter Failed to Show Good Cause.

The defendants argue that because Mr. Carter proposed a deadline of October 18, 2019 for amending the Complaint, the Court should require Mr. Carter to show good cause for failing to meet that deadline. That standard, however, is only applicable when the proposed amendment deadline is actually adopted, not when it is merely proposed. The defendants seek to impose the good cause standard because it requires Mr. Carter to meet a high burden; however, they do not need this higher standard in order to successfully oppose his motion. As explained above, undue delay and undue prejudice each serve as a basis for denying the motion. If the good cause standard did apply, Mr. Carter falls far short of it, but the Court does not find it worthwhile to

delve into a lengthy good cause analysis when Mr. Carter's motion should clearly be denied regardless of the standard.

## CONCLUSION

Based on the foregoing, the Court will **DENY** plaintiff's Motion for Leave to File Third Amended Complaint (ECF No. 231).

A separate Order accompanies this Memorandum Opinion.

Date: 12/20/19

Royce C. Lamberth
United States District Court Judge