# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ALDARESS CARTER, individually and for a class of similarly situated persons, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 2:15-cv-555-RCL |
| THE CITY OF MONTGOMERY, et al., ) ) | |
| Defendants. ) ) | |

## MEMORANDUM & ORDER

Plaintiff Aldaress Carter has filed a Motion to Compel Discovery (ECF No. 251) from defendant Judicial Correctional Services, Inc. ("JCS") pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 37. Plaintiff asks for an order pertaining to Request Nos. 1, 3, and 6 (and he clarifies in his reply that he also seeks an order pertaining to Request No. 7). Upon consideration of the motion, opposition (ECF No. 267), and reply (ECF No. 270), the Court hereby **DENIES** the motion.

## I. REQUEST NO. 1

Looking first at Request No. 1, plaintiff asks JCS to "provide a listing of those individuals assigned to JCS probation at the City of Montgomery Municipal Court who were on JCS probation on August 3, 2013 or thereafter assigned to JCS probation." ECF No. 251-1 at 6. JCS initially objected on the grounds that "'assigned to' and 'on JCS probation' are vague and unclear and because it is unclear as to whether the list of probationers that Plaintiff seeks includes probations who had their probations tolled or otherwise had the probation period ordered by the Municipal Court affected by order or operation of law." ECF No. 251-6 at 1-2.

1

JCS further responded that "because probation periods may be tolled by oral orders by the judges or other operations to which JCS may not have been privy, JCS is unable to ascertan an exact list of probationers responsive to this request." *Id.* at 2. JCS also noted that even if plaintiff clarified the request, it may be unduly burdensome and not proportional to the needs of the case. *Id.*

Plaintiff's counsel subsequently clarified that Request No. 1 sought a listing of those individuals on JCS at the City of Montgomery starting on August 3, 2013 and any point thereafter. Plaintiff's counsel further clarified that 'on JCS' includes all individuals whose probations had not been terminated in [JCS's] records." ECF No. 267 at 2. According to its opposition, JCS interpreted this clarification to be seeking "a list of (a) individuals ordered by the Montgomery Municipal Court to probation supervised by JCS on or after August 3, 2013, and (b) individuals ordered by the Montgomery Municipal Court to probation supervised by JCS before August 3, 2013, and [who] did not have their probations terminated before August 3, 2013." ECF No. 267 at 3. According to JCS, it is the second part of that request which is problematic. JCS has provided plaintiff with access to the Probation Tracker database ("the database"), meaning that either party can run a query of all probationers whose sentencing date was August 3, 2013 or later and who had a termination date after August 3, 2013. JCS has run that query and determined that the database does not accurately generate a list meeting plaintiff's criteria. Counsel for JCS explained this issue to plaintiff's counsel, providing specific examples of individuals on the list whose probations had actually been terminated. Plaintiff's counsel has run the same query as JCS, meaning that they both have the same list. Requiring JCS to generate this list again and turn over the results is a waste of everyone's time. JCS cites Fed. R. Civ. P. 33(d), which states:

2

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d), however, does not simply excuse the responding party from providing further information when the records available to either party are known to be inaccurate. The question thus becomes whether JCS should be required to conduct a manual search for information without using the database.

JCS argues that Request No. 1 is really about confirming the members of his proposed class and accurately points out that the proposed class members cannot be accurately determined using the database's list. Because the database cannot generate a list that fully complies with plaintiff's criteria, individual inquiries into the details of each probationer's case would be required. The Court agrees with JCS that it would be unduly burdensome to require it to individually review the approximately 9,814 files of probationers to confirm whether each probationer was "on JCS" during the specified time period. This is an issue for the class certification stage, and it is premature to force JCS to undertake this responsibility before summary judgment motions are even ripe. If the burden would be substantially the same for either party, it is plaintiff's counsel who should undertake this responsibility. Therefore, plaintiff's motion is denied with respect to Request No. 1.

## II. REQUEST NO. 3

Request No. 3 asks JCS to admit that the list of probationers attached to the request as Exhibit D is the same as the list that he asked JCS to generate in Request No. 1. ECF No. 251-1

at 6. JCS denied the request for admission for the reasons discussed in the analysis of Request No. 1. Essentially, JCS cannot admit to the accuracy of a list that it knows contains inaccuracies. Additionally, as explained above, it would be both premature and unduly burdensome to require JCS to go through approximately 9,814 probationers' files and individually admit or deny each one. If the burden would be substantially the same for either party, it is plaintiff's counsel who should undertake this responsibility. Therefore, plaintiff's motion is denied with respect to Request No. 3.

### III. REQUEST NO. 6

Request No. 6 asks JCS to admit that the list of individuals attached as Exhibit C were "assigned to JCS as of August 3, 2013 or thereafter." ECF No. 251-1 at 6. Exhibit C is a subset of Exhibit D, as it purports to list only those probationers who were assigned to JCS using the "window procedure" during the relevant time period. The list contains approximately 4,318 files. JCS denied the request for admission for the reasons discussed in the analysis of Request No. 1. Essentially, JCS cannot admit to the accuracy of a list that it knows contains inaccuracies. Additionally, even though Exhibit C contains far fewer files than Exhibit D, it would still be both premature and unduly burdensome to require JCS to go through approximately 4,318 probationers' files and individually admit or deny each one. If the burden would be substantially the same for either party, it is plaintiff's counsel who should undertake this responsibility. Therefore, plaintiff's motion is denied with respect to Request No. 6.

### IV. REQUEST NO. 7

Plaintiff was initially unclear about whether his motion to compel includes Request No. 7, but he clarified in his reply that it does. Request No. 7 asks JCS to admit that the list of

individuals attached as Exhibit C were assigned to JCS through the "window procedure." ECF No. 251-1 at 7. The Court agrees with JCS that plaintiff did not clearly request an order regarding Request No. 7 in his initial motion. Additionally, even if plaintiff had been clear in his initial motion, JCS has explained that it has no way to accurately determine from its own records (or from the Municipal Court's records) whether a particular probationer used the "window procedure." JCS has also explained why it believes that the list plaintiff generated is flawed. JCS cannot be forced to admit to the accuracy of something that it does not truly believe is accurate. To the extent that plaintiff is asking JCS to search through its records for this information—which seems futile in light of JCS's assertion that its records do not show which probationers used the "window procedure"—it is more appropriate for plaintiff's counsel to undertake that task. Similarly, if plaintiff's request is asking JCS to search through the Municipal Court records and the burden would be substantially the same for either party, it is plaintiff's counsel who should undertake this responsibility. Therefore, plaintiff's motion is denied with respect to Request No. 7.

## V. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Compel Discovery from JCS (ECF No. 251).

**IT IS SO ORDERED.**

Date: 3/3/2020

Royce C. Lamberth
United States District Court Judge

5