UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ANGELA MCCULLOUGH**, et al., individually and for a class of similarly situated persons,<br><br>*Plaintiffs*,<br><br>v.<br><br>**THE CITY OF MONTGOMERY**, et al.,<br><br>*Defendants*. | Case No. 2:15-cv-463-RCL |
| **ALDARESS CARTER**, individually and for a class of similarly situated persons,<br><br>*Plaintiff*,<br><br>v.<br><br>**THE CITY OF MONTGOMERY**, et al.,<br><br>*Defendants*. | Case No. 2:15-cv-555-RCL |

## ORDER

At an earlier stage in these proceedings, the Court issued an order to show cause why these two cases should not be consolidated under Rule 42 of the Federal Rules of Civil Procedure. Order (Mar. 10, 2017) (*McCullough* ECF No. 133; *Carter* ECF No. 99). After the defendants in *McCullough* appealed, the Court decided not to consolidate the cases and indicated that it would reconsider consolidation at a later date. Order (Apr. 25, 2017) (*Carter* ECF No. 111). That later date has arrived.

These cases both arise from the same system of collecting traffic fines and fees in Montgomery. At this stage, both cases present (1) claims under 42 U.S.C. § 1983 against the City and JCS for violating the plaintiffs' *Bearden* rights and (2) state law claims for false imprisonment.

1

*McCullough* additionally presents a state law claim for abuse of process. And Carter presents claims under § 1983 (1) against the City and Mr. Kloess for violating Mr. Carter's right to counsel and (2) against Mr. Kloess for violating Mr. Carter's *Bearden* rights. The Court believes that the causes of action substantially overlap. Moreover, the Court continues to believe that the proposed classes in the two cases would be similar. *See* Order 2 (Mar. 10, 2017).

Regardless of whether the Court consolidates these cases, the Court intends to proceed swiftly to consider class certification motions and to schedule a trial — or trials — as soon as it may safely convene a jury.

Therefore, the Court **ORDERS** that:

- By August 10, 2020, the parties in both cases shall meet and confer about (1) the appropriateness of consolidation, (2) a timeline for resolving motions for class certification, and (3) if mediation would help the parties resolve these cases short of trial.

- By August 10, 2020, the parties shall file a single joint status report on the docket for each case. The status report should answer the following questions: (1) whether the parties believe the Court should consolidate these cases for class certification and trial, (2) when the parties believe the Court should consider motions for class certification, and (3) whether the parties believe that the court should refer these cases for mediation. If the parties disagree as to any of these questions, the parties shall *briefly* state their positions on the areas of disagreement. Additionally, the parties shall file a proposed order as an attachment to the status report offering a briefing schedule for motions for class certification. Finally, the parties shall advise

the Court of available dates for a pretrial conference and trial and of how many days they estimate they will require for trial.

**IT IS SO ORDERED.**

Date: 7/7/20

Royce C. Lamberth
United States District Court Judge