UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALDARESS CARTER, on behalf of himself and all others similarly situated,<br><br>              Plaintiff,<br>   v.<br><br>THE CITY OF MONTGOMERY, et al.,<br><br>             Defendants. | CIVIL ACTION NO.: 2:15-cv-00555 (RCL)<br><br>**DECLARATION OF LESLIE A. BAILEY IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

Exhibit 12

I, Leslie A. Bailey, declare as follows:

1. I am a Senior Attorney at Public Justice and co-counsel for Plaintiff in this case. I am a member in good standing of the bar of the State of California and am admitted *pro hac vice* in this Court. I respectfully submit this declaration in support of Plaintiff's Motion for Class Certification.

2. Public Justice is a national public law firm headquartered in Washington, D.C. Founded in 1982, Public Justice litigates a diverse docket of public interest cases in the state and federal courts specializing in socially significant and precedent-setting litigation. Information about Public Justice is available at www.publicjustice.net. As explained below, Public Justice has successfully litigated and settled a variety of complex class actions and has handled numerous appeals involving cutting-edge legal issues.

3. I am the lead attorney from Public Justice in the instant litigation and the Director of the Debtors' Prison Project. Prior to founding the Debtors' Prison Project, I focused my practice on civil rights and liberties, consumer protection, and court secrecy. I have argued, briefed and won numerous cases in federal and state appellate and trial courts, testified in both houses of Congress, and was co-counsel for the plaintiffs in a civil rights class action jury trial in federal court. I regularly speak at seminars and conferences on class action issues and criminal justice debt.

4. I received my B.A. *cum laude* from Claremont McKenna College in 1991 and my J.D. *cum laude* from New York University School of Law in 2004, where I was awarded the Hays Civil Liberties Fellowship. I am a member of the Bar of the U.S. Supreme Court and am admitted to practice in the U.S. Courts of Appeal for the Fourth, Seventh, Eighth, Ninth, and

Eleventh Circuits and the U.S. District Courts for the Central and Northern Districts of California. I have also been admitted *pro hac vice* in numerous federal district courts.

  5. I have argued and won several appeals on behalf of plaintiffs, including *Wilson v. Southern Risk Ins. Servs.*, 827 S.E.2d 167 (S.C. 2019) (unanimous state supreme court victory on behalf of victims of insurance scams, holding that the defendant insurance companies could not to force the plaintiffs' claims into arbitration based on a clause in a contract between those companies and another defendant); *Sgouros v. TransUnion Corp.*, 817 F.3d 1029 (7th Cir. 2016) (victory on behalf of putative class of consumers holding that credit reporting agency's arbitration clause was unenforceable and permitting the case to proceed in court on its merits); and *FIA Card Servs., N.A. v. Weaver*, 62 So. 3d 709 (La. 2011) (6-1 victory on behalf of debtor, holding that lender cannot enforce an arbitration award against a consumer unless there is proof the consumer agreed to arbitration).

  6. I was a member of the trial team in *Hankin v. City of Seattle* (W.D. Wash. No. C00-1672-MJP), a civil rights class action on behalf of nearly 200 people who were peacefully protesting against the World Trade Organization Convention in downtown Seattle when they were arrested and detained until the convention had ended. The plaintiffs alleged that the Seattle Police Department arrested them in violation of their First and Fourth Amendment rights. After a three-week trial on liability, the jury found the City liable for the Fourth Amendment violations. The case settled for $1 million and significant injunctive relief, including a full expungement of the arrestees' police records and changes in police training in crowd control measures.

  7. I have extensive experience representing plaintiffs in certified and putative class actions, including serving as counsel in *Smith v. Hotels.com* (Cal. Super. Ct. No. RG 07327029) (putative class action on behalf of travelers with mobility disabilities who alleged the online

travel company discriminated against travelers with mobility disabilities; as part of the settlement we reached, Hotels.com and its parent company Expedia.com completely revised their websites and reservation systems so that disabled travelers can search for and reserve hotel rooms with the accessibility features they need.); *Carideo v. Dell Inc.* 2009 WL 3485933 (W.D. Wash. Oct. 26, 2009) (after winning a landmark victory on behalf of purchasers of defective laptops striking down Dell's arbitration clause, Dell agreed to pay cash refunds to class members for the cost of their laptop repairs); *McKee v. AT&T Corp.*, 191 P.3d 845 (Wash. 2008) (putative class action on behalf of long-distance customers who alleged that AT&T charged them usurious interest rates and municipal utility taxes in violation of state law; after winning a decision in the Washington Supreme Court holding that state-law challenges to arbitration clauses are not preempted by the Federal Communications Act or the Federal Arbitration Act, the case settled for $550,000).

8. Brian Hardingham is the Debtors' Prison Project Attorney with Public Justice. Mr. Hardingham graduated from the University of California, Irvine School of Law in 2012. Mr. Hardingham clerked for the Honorable Jane Stranch on the U.S. Court of Appeals for the Sixth Circuit and for the Honorable Cormac Carney in the Central District of California. Mr. Hardingham joined Public Justice in 2016 and has concentrated his practice on representing criminal justice debtors since 2017. Prior to joining Public Justice, he was an associate at Weitz & Luxenberg P.C. in New York, where he tried drug and medical device multidistrict litigation cases.

9. Alexandra Brodsky is the Kazan Budd Staff Attorney at Public Justice. She litigates civil rights cases concerning harassment and other forms of discrimination against students, the criminalization of poverty, and qualified immunity. Before joining Public Justice, Ms. Brodsky clerked for the Honorable Marsha S. Berzon of the U.S. Court of Appeals for the

Ninth Circuit and worked to end discriminatory school push out at the National Women's Law Center, where she was a Skadden Fellow. For her work on sexual harassment, she received a Ms. Wonder Award from the Ms. Foundation and was named to POLITICO Magazine's "50 Thinkers, Doers, and Visionaries" and Forward Magazine's Forward 50. Ms. Brodsky received her B.A. from Yale College and her J.D. from Yale Law School, where she received the Charles G. Albom Prize for excellence in appellate advocacy and the Reinhardt Fellowship for public interest law.

10. In addition to my litigation experience, Public Justice has extensive experience handling class actions and other complex litigation and has achieved significant recoveries for plaintiffs in class cases, including the following:

a. *Rodriguez v. Experian* (9th Cir. No. No. 15-56660) ($2.75 million class settlement with over 500 claims filed on behalf of consumers with poor credit cheated by credit repair scam after Public Justice was brought in as lead appellate counsel before the Ninth Circuit to fight defendants' arbitration clause);

b. *Hayes v. Delbert Services Corp.*, 811 F.3d 666 (4th Cir. 2016) (after Public Justice won a victory in the Fourth Circuit holding that the lenders could not compel arbitration under the arbitration system of the Cheyenne River Sioux Tribe—a system which does not exist—the case settled on behalf of over 17,000 Virginia class members for $11,935,000 in addition to loan forgiveness and debt-free credit reports);

c. *Lee v. Intelius Inc.*, 737 F.3d 1254 (9th Cir. 2013) (after Public Justice defended the district court's denial of the defendant's arbitration clause before the Ninth Circuit, the parties reached a $9.5 million settlement on behalf of consumers who were enrolled without

their knowledge; after the settlement was approved, the Ninth Circuit affirmed the district court's denial of the defendant's motion to compel arbitration);

   d. *Aguayo vs. U.S. Bank*, 653 F.3d 912 (9th Cir. 2011) (After Public Justice won a victory in the Ninth Circuit holding that California consumer protection law is not preempted by the National Bank Act, the parties reached a $4.4 million settlement (not counting attorneys' fees and costs) under which the bank also agreed to refund class members 100% of their deficiency balance payments and to cancel all remaining debt, valued at over $21.6 million);

   e. In three related class actions on behalf of financially-vulnerable North Carolina consumers against payday lenders for charging illegal interest rates, Public Justice and our co-counsel recovered tens of millions of dollars: *Kucan v. Advance America* (N.C. Super. No. 04-CVS-2860) settled for $18.25 million; *McQuillan v. Check'N Go* (N.C. Super. No. 04-CVS-2858) settled for $14 million; and *Hager v. Check Into Cash* (N.C. Super. No. 04-CVS-2859) settled for $12 million. Checks were cashed by more than 200,000 class members in these three cases.

   f. In four Florida class actions against payday lenders for charging consumers excessive interest, Public Justice and our co-counsel recovered and distributed about $20 million. In *Reuter v. Check 'N' Go*, No. 502001CA001164, 2006 WL 3743016 (Fla. Cir. Ct. Dec. 12, 2006), Public Justice and our team persuaded the court to strike down a payday lender's class action ban as illegal and unenforceable. As a result of the ruling, tens of thousands of Florida consumers held the payday lender accountable for charging them annual interest rates as high as 615% when Florida law makes charging over 45% interest a crime, winning a settlement of more than $10 million. Public Justice also successfully prosecuted payday lenders in three

6

other class actions in Florida, obtaining settlements amounting to nearly $10 million in additional recoveries. Checks were cashed by tens of thousands low income consumers in these four cases.

g. In *De la Cruz v. Wachovia Dealer Services, Inc.*, Cal. Ct. App. No. D058503, Public Justice achieved a landmark $278 million settlement on behalf of mostly low-income consumers who were hit with car contract debt after their vehicles were sold. The California trial court originally dismissed our clients' claims as preempted by the National Bank Act, but then, Public Justice won two landmark cases—one in the Ninth Circuit (*Aguayo v. U.S. Bank*) and one in the Fourth Circuit (*Epps v. J.P. Morgan Chase*)—holding that state debt collection laws are not preempted. Under the settlement we reached, notices were sent to over 38,000 individual class members, resulting in cash payments to consumers of $4.4 million, and the defendants agreed to waive the disputed deficiency obligations and cleared more than $278 million from the consumers' credit records.

h. In *WFS Financial, Inc. v. Superior Court*, 140 Cal. App.4th 637, *rev. granted & op. superseded*, 143 P.3d 657 (Cal. 2006), the California Court of Appeals held that federal law preempted claims that a federal thrift violated California's laws requiring accurate and honest notices be given to consumers whose cars are repossessed, even though federal law has no protections for consumers relating to repossession notices. Public Justice joined as appellate counsel and authored a Petition for Review to the California Supreme Court. When the high court granted the petition, vacating the appellate court's sweeping preemption decision, WFS settled the case. In addition to removing the anti-consumer precedent that would have preempted California's consumer laws with respect to all repossession activities by federally regulated savings associations, we obtained significant relief for our clients. WFS forgave

approximately $45 million of debts, issued corrective notices to the credit reporting agencies for the consumers, and refunded millions of dollars to class members.

11. Public Justice is currently lead counsel for the Plaintiffs in *Papasan v. Dometic Corp.*, No. 19-13242 (11th Cir.), where the U.S. Court of Appeals for the Eleventh Circuit will decide whether to adopt a heightened ascertainability standard. Public Justice attorneys have been lead appellate counsel in several recent successful Eleventh Circuit appeals, including: *JPay, Inc. v. Kobel*, 904 F.3d 923 (11th Cir. 2018) (in putative class action against for-profit company that charges for phone communication between incarcerated people and their families, reversing district court decision and ruling that the class claims can go forward in arbitration); *Ray v. NPRTO Fla., LLC*, 743 Fed. App'x 955 (11th Cir. 2018) (consumer who had received harassing robocalls was not bound by arbitration provision in lease agreement to which she was not a party); *Hurst v. Monitronics Int'l, Inc.*, 682 F. App'x 743 (11th Cir. 2017) (affirming denial of motion to compel arbitration in putative consumer class action involving harassing robocalls); and *Parnell v. W. Sky Fin., LLC*, 664 F. App'x 841 (11th Cir. 2016) (payday lender's arbitration clause unenforceable because it required arbitration before a nonexistent tribal arbitration provider; after this ruling, the defendants agreed to settle this case and a case brought by the Attorney General of Georgia, with $23.5 million going to victims of the Western Sky/Cashcall scheme).

12. Public Justice attorneys have recently won numerous significant appellate victories on behalf of plaintiffs in class actions in the U.S. Supreme Court and federal courts of appeal, including: *Home Depot U.S.A. v. Jackson*, 139 S. Ct. 1743 (2019) (consumer class action was properly remanded to state court notwithstanding Class Action Fairness Act, where consumer had been sued by a lender and filed a class action counterclaim against third party

defendants); *New Prime, Inc. v. Oliveira*, 139 S. Ct. 532 (2019) (in wage and hour case on behalf of long-haul truckers, court, not arbitrator, would decide if the Federal Arbitration Act's exclusion for "contracts of employment" of certain transportation workers applied to plaintiffs; exclusion covered independent contractors as well as employees); *Chen v. Allstate*, 819 F.3d 1136 (9th Cir. 2016) (in Telephone Consumer Protection Act (TCPA) case, unaccepted offer of judgment to the named class representative did not moot a class action, even where the defendant placed its offer in an account with the court); *Noel v. Thrifty Payless, Inc*., 7 Cal. 5th 955 (2019) (plaintiffs need not prove class members are identifiable by official records for a class to be certified as "ascertainable" under Rule 23, but rather must merely propose clear and objective class definition that allows class members to self-identify as being entitled to recovery).

   13. Public Justice also has a proven track record of winning cutting-edge prisoners' rights cases and other constitutional cases, including: *Brown v. Stored Value Cards*, 953 F.3d 567 (9th Cir. 2020) (reversing grant of summary judgment to bank and for-profit company that markets fee-laden prepaid debit cards to counties, to be loaded with arrestees' confiscated funds upon release from incarceration, allowing federal claims for violations of Takings Clause and state claims for conversion and unjust enrichment to continue on behalf of putative nationwide class); *Escamilla v. Cavazos*, 643 Fed. Appx. 406 (5th Cir. 2016) (permitting case brought by family of killed prisoner to proceed; case subsequently settled for the county's policy limits); *People for the Ethical Treatment of Animals v. Stein*, 2018 WL 2714684 (4th Cir. June 5, 2018) (landmark victory finding standing for plaintiffs based upon chilling effect on free speech in First Amendment challenge to "ag-gag law" imposing criminal liability on whistleblowers who expose the true conditions at factory farms); *Castaneda v. United States* (C.D. Cal. No. 07-cv-07241) (wrongful death case on behalf of prisoner denied adequate medical care while in

California and federal immigration custody; we reached settlements with the federal government and employees of the California Department of Corrections and Rehabilitation for a combined $3.2 million for the Castaneda family).

14. In response to this Court's July 7, 2020 order, my co-counsel and I met and conferred with counsel for the Plaintiffs in *McCullough v. City of Montgomery*, No. 2:15-cv-463-RCL. Should the Court decide to certify the classes and consolidate *Carter* and *McCullough*, we are prepared to work with the *McCullough* team to try the consolidated cases together.

15. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 13th day of September, 2020, in San Francisco, California:

> /s/ Leslie A. Bailey
> Leslie A. Bailey
> PUBLIC JUSTICE
> 475 14th Street, Suite 610
> Oakland, CA 94612
> (510) 622-8203
> E-Mail: lbailey@publicjustice.net