UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALDARESS CARTER, et al., individually and on behalf of a class of similarly situated persons, <br><br> *Plaintiffs,* <br><br> v. <br><br> THE CITY OF MONTGOMERY, et al., <br><br> *Defendants.* | Case No. 2:15-cv-555-RCL |

## MEMORANDUM OPINION

Before the Court is plaintiff Aldaress Carter's motion of class certification (ECF No. 306) and defendant Judicial Correction Services, Inc.'s ("JCS") motion to reconsider (ECF No. 332)

Today, the Court issued an opinion in *McCullough v. City of Montgomery* (Case No. 2:15-cv-463) addressing motions that paralleled the motions currently before it in this case. Mr. Carter and the *McCullough* plaintiffs briefed their class certification motions together; JCS submitted the same motion to reconsider in both cases; the Court conducted its motions hearing in both cases, simultaneously. The Court's reasoning in *McCullough*, therefore, resolves these motions as well.

The parties fully briefed the motion for class certification (ECF No. 307, 320, 322, 325, 348) and motion to reconsider (ECF No. 344, 353) They also submitted evidence in support of the class certification briefs (ECF No. 308, 321, 324, 326, 349) and at the hearing (ECF No. 358, 360, 361, 362, 363, 364, 365, 366-2).

Upon consideration of the motions; briefs in support of and opposition thereto; evidentiary submissions; all other papers of record; and the arguments made, testimony offered, and evidence received over the course of a ten-hour hearing, the Court will:

- **DENY** the motion for class certification; and,
- **DENY** JCS' motion to reconsider.

## I. ANALYSIS

### A. Motion to Reconsider

The Court denies JCS's motion to reconsider. *See McCullough*, slip op. 19–27.

### B. Class Certification

Mr. Carter seeks to certify a City class (together with two subclasses) and a false imprisonment class.

The City class is defined identically to the *Bearden* class in *McCullough*, except that the Mr. Carter's class period starts a few months later. *Compare* Mot. Class Certification 1 *with* Mot. Class Certification 1 (*McCullough* ECF No. 281). As the *McCullough* plaintiffs failed to satisfy their burden to show that their class was ascertainable, so too has Mr. Carter. *See McCullough*, slip op. 29–34. And because the class cannot be ascertained, neither can the subclasses.

Mr. Carter's false imprisonment class id defined identically to the false imprisonment class in *McCullough*, except that Mr. Carter's class period starts a few months later. *Compare* Mot. Class Certification 2 *with* Mot. Class Certification 1 (*McCullough* ECF No. 281). As the *McCullough* plaintiffs failed to satisfy their burden to show that their class was ascertainable, so too has Mr. Carter. *See McCullough*, slip op. 34.

The motion for class certification must be denied.

### C. Consolidation

The Court concludes that consolidation of this case and *McCullough* is not appropriate. *See McCullough*, slip op. 37.

## II.   CONCLUSION

Based on the foregoing, the Court will **DENY** the motion for class certification and **DENY** the motion to reconsider by separate order.

Date:    12/23/20

Royce C. Lamberth
United States District Judge